IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLINTON TURNER, | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | CASE NO. 3:15-cv-218 |
| | § | |
| REPUBLIC SERVICES, INC., and | § | |
| ALLIED WASTE SYSTEMS, INC. | § | |
|     Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CLINTON TURNER, Plaintiff in the above styled cause who files this, his Original Complaint complaining of Defendant, ALLIED WASTE SYSTEMS, INC. and REPUBLIC SERVICES, INC., and, in support thereof would show as follows:

### I. JURISDICTION

1. The court has diversity of citizenship jurisdiction over this case pursuant to 28 USC 1332, which states that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between – citizens of different states." "A corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the State of Foreign State where it has its principal place of business." The parties are all citizens of separate states which constitutes complete diversity.

2. In addition to diversity jurisdiction, this court has federal question jurisdiction pursuant to 28 USC 1331. The federal laws claimed in this petition are 42 USC 2000(e)-2 & 42 USC 2000(e)-3, also known as Title VII of the 1964 Civil Rights Act, as well as 42 USC 1981. The claims are for race

discrimination and retaliation for reporting race discrimination. The court has pendent jurisdiction over all state claims pursuant to 28 U.S.C. §1367.

## II. PARTIES

3. Plaintiff is a citizen of the United States, and resident of Dallas County, Texas.

4. Defendant, REPUBLIC SERVICES, INC., is a foreign limited liability corporation authorized to do business in Texas. Its registered agent for lawsuits filed in the State of Texas is Robert M. Gauss, Jr., 4202 Sherwood Lane, Houston, Texas 77092. Service will be had by personal service.

5. Defendant, ALLIED WASTE SYSTEMS, INC., is a defunct corporation since 2008. This corporation was bought out by Republic Services, Inc., in 2008. However, Plaintiff's W2 in 2012 states Allied Waste Systems, Inc. Therefore, out of an abundance of caution, Plaintiff names Allied as its employer as well as Republic Services, Inc. In reality, this matter can be clarified with a Rule 29 agreement between counsel who the real employer is and Plaintiff will dismiss Allied by agreement. Allied will be served by serving REPUBLIC SERVICE'S registered agent of service Robert M. Gauss, Jr., 4202 Sherwood Lane, Houston, Texas 77092, by personal service.

## III. VENUE

6. Venue is appropriate in Dallas County, Texas, because the discrimination occurred in Dallas County, Texas, where the Plaintiff worked.

## IV. FACTS

7. Plaintiff Turner was employed by Republic Services, Inc. as a Fleet Maintenance Manager.

8. Turner began to experience racial discrimination from Adrian Thomas, HR Manager for Republic Services, Inc., in May of 2013. Adrian Thomas, who is an African American female,

was hired by Republic in March of 2013.

9. Adrian Thomas interfered with Turner's hiring practices by holding up or delaying Turner's decisions to hire Caucasian employees to the point that the Caucasian employees would often, if not always, look for jobs elsewhere. As to African American hires, Turner experienced no resistance from Adrian Thomas. In fact, Adrian Thomas helped expedite those hires.

10. Adrian Thomas also interfered with Turner's attempt to discipline his subordinates. As fleet manager, he was manager over approximately 27 people. If Turner attempted to discipline an African American subordinate, Adrian Thomas would ensure that the discipline did not occur and, in at least on one occasion, made sure the employee in question received a substantial raise. However, Adrian Thomas did not interfere with Turner's discipline of Caucasian subordinates. In fact, she helped expedite or encourage the discipline.

11. As the year 2013 progressed, Turner began to get written up for things that African American or Hispanic employees were not written up for.

12. Finally, in mid-October of 2013, Plaintiff submitted a complaint of racial discrimination to the corporate office of Republic Services, Inc., by using the company AWARE line which directs employees to report any type of discrimination in the workplace. Turner got no response to his AWARE complaint, but was told by Adrian Thomas on November 11, 2013, that she was aware that he had used the AWARE complaint procedure. In addressing Turner, Adrian Thomas appeared clearly aggravated through her demeanor and tone of voice that Turner had used the AWARE complaint procedure.

13. After receiving no assistance from Republic from the AWARE complaint, Plaintiff resorted to filing an EEOC complaint on November 5, 2013, complaining of discrimination in the workplace based on race. Turner went on medical leave of absence on November 21, 2013, due

to stress and high blood pressure from his job. While on leave, Adrian Thomas called Turner's doctor insisting on documentation that Turner could not work and that Turner would not be paid absent this paperwork. Turner is not aware of Thomas ever employing such tactics with any of his African American subordinates.

14. Adrian Thomas fired Turner on December 16, 2013, which was his first day back from medical leave of absence. Turner was replaced by an African American male named Floyd Coleman. Adrian Thomas told Turner that his termination was due to poor performance. Turner had never had a performance evaluation that was less than "meets expectations". Therefore, Adrian Thomas, who was not even in the position to give Turner a performance evaluation, certainly should not have terminated Turner. The proper person at Republic to give Turner a performance review in 2013 was Rick Bernas, General Manager. Performance Reviews were always done for all employees in January. Therefore, Turner should not have even received a performance review until January of 2014. Accordingly, Thomas' actions in terminating Turner were contrary to company policy and in direct retaliation for Turner's AWARE complaint and EEOC complaint. Furthermore, Turner, as fleet manager, was aware of the performance of all of his subordinates. Unfortunately, while Turner was fired, several African American employees with bad performance evaluations in the year 2013 were not terminated. In fact, one African American employee, named Jimmy Brown, with a bad performance review in 2013, got a raise close to twenty percent. The average raise at Republic was only two percent.

15. Accordingly, Turner's termination was due both to racial discrimination and to retaliation for having reported race discrimination on the AWARE line in mid-October 2013 and to the EEOC on November 4, 2013.

## V. CAUSES OF ACTION

16.     Plaintiff files a claim for racial discrimination under 42 USC 2000(e)-2, also known as Title VII of the 1964 Civil Rights Act, as well as under 42 USC 1981 in that he was singled out for termination due to his race, Caucasian.  Plaintiff files under both of these statutes.

17.     Plaintiff also files a claim for retaliation for reporting racial discrimination.  Plaintiff was fired in retaliation for having reported race discrimination on the AWARE line in mid-October 2013 and to the EEOC on November 4, 2013.   Retaliation for reporting racial discrimination is prohibited under 42 USC 2000(e)-3, also known as Title VII of the 1964 Civil Rights Act, as well as under 42 USC 1981.  Plaintiff files under both of these statutes.

## VI. DAMAGES

18.     As a result of the Defendant's conduct, Plaintiff seeks compensatory damages pursuant to section 706(g) of the Civil Rights Act of 1964 [42 USC § 2000e-(g)], 42 USC 1981 and 42 USC 1981a for the following:

   a.  Mental Anguish in the Past and Future;

   b. Lost Wages;

   c. Lost Future Earning Capacity;

   d. Punitive Damages, pursuant to 42 USC 1981 and 42 USC 1981a, due to the fact that the Defendant treated Plaintiff with malice or, at a minimum, with callous and reckless indifference to Plaintiff to be free from discrimination;

   e. Attorney Fees pursuant to 42 USC 1981, 1988 and section 706(g) of the Civil Rights Act of 1964 [42 USC § 2000e-(g)]

   f. Prejudgment Interest at the highest legal rate;

    g.  Postjudgment Interest at the highest legal rate;

    h.  Costs of Court.

## VII. **REQUEST FOR JURY TRIAL**

19.    Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VIII. **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial of this cause that the Court grant Judgment against Defendant and award him compensatory and punitive damages, attorney fees, prejudgment interest, postjudgment interest and costs of court.

Respectfully Submitted,

/s/ Wes Dauphinot
Wes Dauphinot
State Bar No. 00793584
wes@dauphinotlawfirm.com
ATTORNEY IN CHARGE

DAUPHINOT LAW FIRM
900 West Abram
Arlington, Texas 76013
(817) 462-0676
(817) 704-4788 Fax

ATTORNEYS FOR PLAINTIFF