IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CLINTON TURNER, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:15-CV-0218-D |
| VS. § | |
| § | |
| REPUBLIC WASTE SERVICES OF § | |
| TEXAS, LTD. d/b/a REPUBLIC § | |
| SERVICES OF DALLAS, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this action for unlawful retaliation brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*., and 42 U.S.C. § 1981, defendant Republic Waste Services of Texas, Ltd. d/b/a Republic Services of Dallas and Allied Waste Services of Dallas ("Republic") moves for summary judgment. Republic contends that plaintiff Clinton Turner ("Turner") is judicially estopped from pursuing this suit because he failed to disclose his claims in a Chapter 13 bankruptcy proceeding. Alternatively, Republic maintains that Turner has failed to establish a prima facie case of retaliation and that Turner cannot prove that Republic's legitimate, nonretaliatory reasons for terminating his employment are pretextual. Concluding that a reasonable jury could only find that Republic's legitimate, nonretaliatory reasons for terminating Turner's employment are not pretexts for retaliation, the court grants Republic's motion on this alternative ground and dismisses this suit with prejudice by judgment filed today.

I

Beginning in 2010, plaintiff Turner worked as a maintenance shop manager for Republic in the company's Hutchins, Texas location. From mid-2012 until his termination, Turner reported directly to General Manager Rick Bernas ("Bernas"). Turner and the Hutchins shop received human resources support from Adrienne Thomas ("Thomas") beginning in March 2013. As part of Turner's duties, he was tasked with supervising maintenance workers and complying with Republic policies, including a "One Fleet" program that is designed to standardize policies and procedures. To ensure compliance with One Fleet, Republic conducted periodic audits of its departments, including Turner's maintenance shop.

In May 2012 Bernas issued Turner a verbal warning for failure to meet Republic's standards and unsatisfactory performance, and placed Turner on a 90-day Performance Improvement Plan ("PIP").[1] The PIP required Turner to make improvements in the identified areas during the 90-day period, and to demonstrate "[s]ustained improvement . . . beyond this

---

[1] The PIP identified these shortcomings:

> Clint–you too often are quick to respond to circumstances and others perceive this as a quick temper and lack of patience . . . . The concerns are that other employees throughout the facility feel you are not approachable and you are often condescending in your communication . . . . [Additionally,] [r]ecent inspections have yielded less than desirable results from One Fleet team members and Region staff.

D. App. 65.

action plan." D. App. 64.

In October 2013 Republic conducted a One Fleet audit of the Hutchins maintenance shop. The auditors concluded that, as manager of the shop, Turner had failed to ensure that One Fleet policies were properly followed, and Republic issued a written warning to him. Turner later confronted subordinates about their cooperation with the One Fleet audit, which led Republic to further investigate Turner's treatment of subordinates. Republic's investigation uncovered reports of derogatory name-calling and other unprofessional comments from Turner directed toward his subordinates. Around the same time, a Republic controller discovered that Turner had repeatedly violated Republic's policies regarding purchasing authority. Violations included impermissibly splitting purchases to avoid Republic's approval requirement for purchases over $5,000, and failing to obtain at least three quotes for purchases over $10,000, as required by company policy.

Also in October of 2013, Turner filed a complaint for racial discrimination using Republic's complaint system, known internally as AWARE. Turner alleged that Thomas racially discriminated against him by delaying his hires based on race, interfering with Turner's discipline of subordinates depending on the subordinate's race, and disparately applying company policies against Turner because of his race. On November 5, 2013 Turner filed a complaint with the Equal Employment Opportunity Commission complaining of racial discrimination.

On December 16, 2013 Turner received a letter from Thomas terminating his employment because of (1) his treatment of subordinates, (2) his violation of invoice policies,

and (3) his failure of a One Fleet Audit. Email records show that both Thomas and Bernas had knowledge of the AWARE complaint's existence before Turner was terminated, but Republic denies that either knew that Turner was complaining of racial discrimination.

At the time of his termination, Turner was involved in an ongoing Chapter 13 bankruptcy. Turner did not disclose to the bankruptcy court that he had a potential claim against Republic related to his employment and termination.

Turner filed the instant suit against Republic alleging claims for racial discrimination and retaliation under Title VII and 42 U.S.C. § 1981. Republic later filed the instant motion for summary judgment. In response, Turner has abandoned his claim for racial discrimination. P. Resp. Br. 9 ("Plaintiff concedes the racial discrimination cause of action and does not dispute that summary judgment should be granted on this particular cause of action."). But he otherwise opposes the motion.

II

When a summary judgment movant will not have the burden of proof on a claim at trial, it can obtain summary judgment by pointing the court to the absence of evidence on any essential element of the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant does so, the nonmovant must go beyond his pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's

failure to produce proof as to any essential element renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

III

The court will assume without deciding that Republic cannot prevail at the summary judgment stage on its affirmative defense of judicial estoppel.[2] The court will turn instead to Republic's alternative contentions that Turner has failed to establish a prima facie case of retaliation, and that, even if he has established a prima facie case, Republic has produced evidence of legitimate, nonretaliatory reasons for terminating his employment, and Turner has not produced evidence that would permit a reasonable jury to find pretext. Because "[s]ection 1981 claims are analyzed under the same framework as Title VII claims," *Jenkins v. Methodist Hospital of Dallas, Inc.*, 478 F.3d 255, 260 (5th Cir. 2007), the court will consider the claims together.

---

[2]Concerning an affirmative defense like judicial estoppel, as to which Republic will have the burden of proof at trial, Republic must satisfy a higher standard to obtain summary judgment. It must "establish 'beyond peradventure all of the essential elements of the . . . defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that Republic must demonstrate that there are no genuine and material fact disputes and that it is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

A

Title VII prohibits employers from retaliating against employees who engage in a protected activity. 42 U.S.C. § 2000e-3(a).[3] Because Turner relies on circumstantial evidence to support his retaliation claim, he must proceed under the familiar *McDonnell Douglas*[4] burden-shifting framework. *See, e.g., Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) ("A retaliation claim that is premised on a pretextual rationale for dismissal is analyzed under the *McDonnell Douglas* framework.").

Turner must first demonstrate a prima facie case of retaliation by showing that (1) he engaged in a protected activity, (2) an adverse employment action occurred, and (3) a causal link existed between the protected activity and the adverse employment action. *See, e.g., Walker v. Norris Cylinder Co.*, 2005 WL 2278080, at *9 (N.D. Tex. Sept. 19, 2005) (Fitzwater, J.) (citing *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996)). As to the third element, the requirement that a plaintiff show at the prima facie case stage a "causal link" between a protected activity and an adverse employment action is "much less stringent" than the "but[-]for" causation that a jury must find. *Montemayor v. City of San Antonio*, 276

---

[3]42 U.S.C. § 2000e-3(a) provides, in relevant part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

[4]*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

- 6 -

F.3d 687, 692 (5th Cir. 2001); *see also Khanna v. Park Place Motorcars of Hous., Ltd.*, 2000 WL 1801850, at *4 (N.D. Tex. Dec. 6, 2000) (Fitzwater, J.) (characterizing this prima facie case burden as "minimal").

If Turner establishes a prima facie case, the burden shifts to Republic to articulate a legitimate, nonretaliatory reason for the alleged retaliatory action taken. *See Walker*, 2005 WL 2278080, at *9. This burden is one of production, not of proof. *See Wooten v. Fed. Express Corp.*, 2007 WL 63609, at *16 (N.D. Tex. Jan. 9, 2007) (Fitzwater, J.), *aff'd*, 325 Fed. Appx. 297 (5th Cir. 2009). It involves no credibility assessments. *See, e.g., West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 385 (5th Cir. 2003) (quoting *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000)).

If Republic meets its production burden, the burden shifts back to Turner to produce evidence that would enable a reasonable jury to find that retaliation for Turner's protected conduct, rather than Republic's proffered legitimate, nonretaliatory reason, was the "but-for cause" of the adverse employment action. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*,___ U.S.___, 133 S.Ct. 2517, 2528 (2013) ("Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action."); *see also, e.g., Coleman v. Jason Pharms.*, 540 Fed. Appx. 302, 304 (5th Cir. 2013) (per curiam) ("An employee establishes pretext by showing that the adverse action would not have occurred 'but for' the employer's retaliatory reason for the action." (citing *Nassar*, 133 S.Ct. at 2533-34)). "In order to avoid summary judgment, [Turner] must show 'a conflict in substantial evidence' on the question of whether [Republic] would not have taken the action 'but for'

the protected activity." *Coleman,* 540 Fed. Appx. at 304 (quoting *Long*, 88 F.3d at 308).

B

Republic does not contest the first two elements of Turner's prima facie case. And because the third element—the requirement that a plaintiff show at the prima facie case stage a "causal link" between a protected activity and an adverse employment action—is "much less stringent" than the "but-for" causation that a jury must find, the court will assume *arguendo* that Turner has satisfied that element as well.

C

The burden has now shifted to Republic to articulate a legitimate, nonretaliatory reason for terminating Turner's employment.

Republic has produced evidence of three separate justifications for Turner's termination: (1) his treatment of subordinates; (2) performance issues, including his failure to adhere to the One Fleet requirements; and (3) his failure to comply with Republic's policies regarding purchasing authority—specifically, by circumventing his approval threshold, and by his failure to obtain three quotes for purchases over $10,000. As support, Republic has submitted the deposition testimony of Bernas in which he testified that these stated reasons were the sole reasons for Turner's termination. Republic has satisfied its burden to produce evidence of a legitimate, nonretaliatory reason for terminating Turner's employment.

D

The burden has now shifted back to Turner to prove "by a preponderance of the evidence that the reasoning presented by the defendant is a pretext for retaliation." *Smith v. Sw. Bell Tel. Co.*, 456 Fed. Appx. 489, 492 (5th Cir.2012) (per curiam) (quoting *Mauder v. Metro. Transit Auth. of Harris Cnty., Tex.*, 446 F.3d 574, 584 (5th Cir.2006)) (internal quotation marks omitted). Turner can demonstrate pretext "by showing that [Republic's] proffered explanation is unworthy of credence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (citation and internal quotation marks omitted). "An explanation is false or unworthy of credence if it is not the real reason for the adverse employment action." *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

Turner's sole argument for why Republic's justifications do not warrant credence is that Republic did not consistently apply these policies to all similarly situated employees. To support this contention, Turner must submit evidence that would enable a reasonable jury to find that a similarly situated employee was treated differently under nearly identical circumstances. *See, e.g., Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 406 (5th Cir. 2005) (quoting *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995)). Turner maintains that three employees—Lynn Wymore ("Wymore"), Eric Metzer ("Metzer"), and Randy Adams ("Adams")—committed similar violations to Turner's, yet were not terminated.

In Turner's affidavit, he avers that Wymore was "verbally counseled by Rick Bernas and Adrienne Thomas for splitting invoices" while he managed a Republic maintenance shop

in Corsicana, Texas.  P. App. 12.  Wymore was subsequently demoted without a decrease in pay, and Turner states that he wrote up Wymore for abusive language use after the demotion. As to Metzer, Turner states that Bernas and Thomas verbally counseled him for splitting invoices while he was Maintenance Manager in Plano.  Regarding Adams, Turner avers that, similar to Metzer, Adams was verbally counseled for splitting invoices and talking to employees in a condescending and abusive manner.

Turner has failed to produce evidence that would enable a reasonable jury to find that a similarly situated employee was treated differently under nearly identical circumstances. He has failed to produce evidence that Republic accused an employee of the same host of violations as it did Turner.  At most, each employee whom he cites was accused of two violations, whereas Republic relied on three grounds when terminating Turner's employment.

Moreover, Turner has failed to identify any employee accused of One Fleet violations who was treated differently from Turner.  He also has failed to submit any evidence to show the extent of the other employees' violations for comparison to his own.  Accordingly, the court concludes that a reasonable jury could not find that Republic's legitimate, nonretaliatory reasons for terminating Turner are pretexts for retaliation.  Republic is therefore entitled to summary judgment dismissing with prejudice Turner's retaliation claims under Title VII and 42 U.S.C. § 1981.

* * *

For the reasons explained, the court grants Republic's motion for summary judgment, and it dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

December 8, 2016.

```
_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE
```